**Don ANDRUSICK and Bonnie Andrusick, His Wife, et al., Appellants,**

v.

**CITY OF APPLE VALLEY, Respondent.**

No. 47319.

Supreme Court of Minnesota.

Sept. 16, 1977.

Smith, Juster & Feikema and Wyman Smith, Minneapolis, for appellants.

McMenomy, Hertogs & Fluegel and Edward B. McMenomy, Rosemount, for respondent.

PER CURIAM.

The respondent city, acting pursuant to Minn.St. c. 429, initiated a local street improvement and levied an assessment against appellants' property. The property owners appealed from this assessment to the Dakota County District Court. The appeal was taken basically upon the grounds that the improvement did not benefit the property. The notice of appeal required by Minn.St. 429.081 was served on the city clerk on Monday, October 13, 1975, which was designated by § 645.44, subd. 5, as a holiday (Columbus Day). That statute provided also " * * * nor shall any civil process be served thereon."

The city clerk by affidavit disclosed that he was working in the city hall on Columbus Day 1975. The office was not open. He was called to the front door of the office and there handed a copy of the notice of appeal.

When this matter was initially heard, the district court denied a motion by the city to dismiss the appeal on the ground that the notice having been served on a holiday was improperly served and the court therefore lacked jurisdiction.

Upon the calling of the case for trial, the city renewed the motion for dismissal. The trial court tried the case on the merits, having reserved a ruling on the motion. At

the conclusion of the trial, the court dismissed the appeal on the ground that the court lacked jurisdiction because the notice of appeal had been served on a holiday.

On this appeal the property owners contend that the notice of appeal pursuant to § 429.081 is not "civil process" within the meaning of § 645.44, subd. 5, and that the policy prohibiting service of process on holidays was not violated in this case.

The trial court based its decision on *Lebens v. Harbeck*, Minn., 243 N.W.2d 128 (1976). In that case we affirmed a trial court ruling dismissing an appeal in an election contest because the notice of appeal had been served on a holiday. Appellants argue that the statute providing the method of service in election contests, Minn.St. 209.02, subd. 4, requires the notice of appeal to be served in the same manner as provided for in the service of a summons in a civil action while there is no such specification under § 429.081, which provides in part:

"Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the clerk of the district court within ten days after its service. The municipal clerk shall furnish appellant a certified copy of objections filed in the assessment proceedings, the assessment roll or part complained of, and all papers necessary to present the appeal."

The property owners also rely on *In re Estate of Dahmen*, 200 Minn. 55, 273 N.W. 364 (1937), which held that the statutory notice of appeal from probate to district court is not "process" within the meaning of the statute prohibiting service of process on a holiday.

An analysis of the nature of an assessment proceeding is essential to a solution of the problem. United States District Judge Neville carefully reviewed the nature of an assessment proceeding under our statute in *City of Owatonna v. Chicago, Rock Island and Pacific R. R. Company*, D.C., 298 F.Supp. 919 (1969). In that case the city of Owatonna had assessed a portion of the costs of certain improvements against the property interest of the railroad. The railroad appealed to the Steele County District Court by filing a notice of appeal as required by § 429.081. Thereafter the railroad removed the case from the state court to the Federal District Court pursuant to 28 U.S.C.A. §§ 1441, 1446. The city of Owatonna moved to have the case remanded to the state court on the ground an assessment proceeding was not a civil action subject to removal to Federal court. Judge Neville's observations are helpful. He wrote as follows:

"Assessment proceedings in Minnesota become a civil action when a notice of appeal is filed in the state district court, a court of general jurisdiction. It is an adversary proceeding between parties and a decision is made to enforce or not to enforce a liability against a landowner on past facts gathered by legislative or administrative officers. *Commissioners of Road Improvement District No. 2 v. St. Louis Southwestern Ry.*, 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364 (1922); *In re Chicago, Milwaukee, St. Paul & Pacific RR.*, 50 F.2d 430 (D.Minn.1931); *In re Judicial Ditch No. 24*, 87 F.Supp. 198 (D.Minn. 1949). It is true that the proceedings for making local improvements and the subsequent assessment proceedings are initially legislative and administrative in nature. Yet it becomes one of judicial inquiry when an aggrieved person appeals to the district court objecting to the assessment pursuant to Minn.St. § 429.081 (1968 Supp.). The argument that assessment appeals lose their judicial characteristics because there is not a trial de novo in the district court is without merit." 298 F.Supp. 921, 922.

Certainly when the notice of appeal in an assessment proceeding is properly served and filed, the judicial system is invoked for subsequent proceedings. This is not true in an appeal from the probate court to the district court. As noted in the *Dahmen* case:

" * * * Before any appeal is taken the Court has already acquired jurisdic-

tion in the action over the parties by original process and the appeal is but a proceeding in the cause after that jurisdiction has attached." 200 Minn. 57, 273 N.W. 365.

The distinction is clear. In an appeal in a probate proceeding the jurisdiction is continuing while in an assessment proceeding the function of the court is precipitated by the serving of the notice of appeal. Black, Law Dictionary (4 ed.) p. 1370, defines "process" as:

"This word is generally defined to be the means of compelling the defendant in an action to appear in court; *Gondas v. Gondas,* 99 N.J.Eq. 473, 134 A. 615, 618; or a means whereby a court compels a compliance with its demands. * * *"

The appeal in an assessment proceeding initiates a civil action. Accordingly, the notice of appeal is "civil process" and may not be served on a legal holiday.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.