Johnny W. HALE, Respondent,

v.

VIKING TRUCKING COMPANY and Crum and Forster Insurance Group, Respondents,

Primary Behavioral Health Clinics, Respondent,

Pinnacol Assurance, Relator.

No. C8–02–367.

Supreme Court of Minnesota.

Dec. 19, 2002.

John P. Sieben, Sieben, Polk, LaVerdiere, Jones & Hawn, Hastings, MN, for Respondent Employee.

Donald G. Fernstrom, Joseph M. Nemo, Lori J. LeCount, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN, for Relator Pinnacol Assurance Company.

Franz F. Davis, Roderick C. Cosgriff, Heacox, Hartman, Mattaini, Koshmrl, Cosgriff, & Johnson, St. Paul, MN, for Respondent Employer.

## OPINION

PAGE, Justice.

This appeal stems from an order dismissing relator Pinnacol Assurance (Pinnacol) as an intervenor in respondent Johnny W. Hale's (Hale) workers' compensation proceeding because the compensation judge lacked subject matter jurisdiction over Pinnacol's claim for reimbursement. The Workers' Compensation Court of Appeals (WCCA) affirmed the compensation judge. We affirm the WCCA.

On or about January 10, 1998, Hale, while working for BFT Bookkeeping for Truckers (BFT), a Colorado corporation, sustained a work-related injury to his left ankle when Hale dropped a heavy steel plate on his left foot.[1] Liability for Hale's January 10 injury was accepted by BFT and its Colorado workers' compensation insurance carrier, Colorado Insurance Authority d/b/a Pinnacol Assurance (Pinna-

---

1. As this appeal arises from a prehearing motion, no formal record has been established. The facts included in this section have been taken from the parties' briefs and attached documents. As the facts are still in dispute, this section is limited to those facts that appear to be undisputed from the parties' respective briefs and is solely to provide context for this opinion. Accordingly, nothing in the factual background recited in this opinion should be construed as affecting the determination of any disputed fact in subsequent proceedings.

col). Pinnacol paid Hale benefits under the Colorado workers' compensation system for lost wages and medical treatment related to his left ankle condition. As a result of the January 10 accident, Hale's left ankle was operated on twice. During the second surgery, the ankle was fused. According to his treating physician, by July 13, 1998, Hale's ankle injury was healing well. Hale did not return to work at BFT.

On July 14, 1998, Hale began working as a truck driver for Viking Trucking Company (Viking), a Minnesota corporation. On July 20, 1998, while driving for Viking, Hale was involved in a serious motor vehicle accident. Although his emergency room records from his visit to the hospital after the accident do not mention any problems with his left ankle, on August 1, 1998, Hale was admitted to the hospital and diagnosed as having a failed left ankle fusion. The fusion was surgically revised on August 4, 1998, and additional surgery was required on August 13 and October 27, 1998. In a letter dated May 27, 1999, Hale's treating physician voiced the opinion that the January 1998 and July 1998 injuries contributed equally to Hale's ongoing disability. Pinnacol alleges that Hale did not inform BFT or Pinnacol of his new employment with Viking, the July 20 accident, or the injuries to his ankle that allegedly resulted from that accident. Pinnacol claims that, as a result, it continued to pay for all medical treatment concerning Hale's left ankle after July 20 on the assumption that all costs incurred were causally related to Hale's January 10, 1998, work-related accident.

On April 21, 1999, Hale filed a claim in Minnesota for workers' compensation benefits from Viking and its Minnesota workers' compensation carrier, Crum and Forster Insurance Group, for injuries to his "lower left extremity"[2] that he claims were a result of the July 20, 1998, accident. Hale's claim petition listed "Colorado Compensation" as a third-party payor who paid disability or medical benefits related to the claim. According to Pinnacol, it was at this time that it first received notice of the July 20 accident, Hale's employment with Viking, and the pending Minnesota claim. Claiming that Hale had sustained an intervening injury, Pinnacol petitioned to discontinue workers' compensation benefits in Colorado. However, before a hearing on its petition was held, Pinnacol and Hale reached a full, final, and complete settlement of Hale's Colorado workers' compensation claim for injuries resulting from the January 10, 1998, accident.

On February 23, 2001, Hale's Minnesota claim was stricken from the active calendar for failure to provide a pretrial statement. A month and a half later, Pinnacol successfully intervened in Hale's Minnesota workers' compensation action. According to Pinnacol, it sought to intervene because it had, in good faith, mistakenly paid Colorado workers' compensation benefits attributable to Hale's July 20, 1998, work injury, which Viking was obligated to pay, and therefore was entitled to reimbursement from Viking. On May 7, 2001, Viking filed an objection to the motion to intervene and a motion to vacate the order granting intervention. The matter was heard at a prehearing conference and on July 20, 2001, Pinnacol was dismissed as an intervenor for lack of subject matter jurisdiction.

The WCCA affirmed, noting that the only issue before it was whether, in determining that no basis for subject matter jurisdiction existed, the compensation judge erred in dismissing Pinnacol's inter-

---

2. The parties do not dispute that "lower left extremity" refers to Hale's left ankle.

vention and thus its reimbursement claim.[3] In doing so; the WCCA concluded that neither it nor the compensation judge "has subject matter jurisdiction to determine or impose a Minnesota remedy where resolution of such a reimbursement claim involves determining whether an employee was entitled to workers' compensation benefits in another state or whether those benefits were mistakenly or improperly paid." *Hale v. Viking Trucking Co.*, 2002 WL 431823, at *4 (Minn. WCCA Feb. 7, 2002). The WCCA went on to note that "the jurisdiction of the Minnesota workers' compensation courts is limited by statute solely to interpreting and applying the workers' compensation laws of this state." *Id.*

■ Before this court, Pinnacol raises two issues. First, whether the compensation judge erred in dismissing it as an intervenor for lack of subject matter jurisdiction and, second, whether the dismissal violates Pinnacol's rights to due process and/or equal protection. Because these two issues raise questions of law, our review is *de novo. Owens v. Water Gremlin Co.*, 605 N.W.2d 733, 735 (Minn.2000).

## I.

■ Minnesota Statutes § 175A.01 governs the jurisdiction of compensation judges and of the WCCA. *See* Minn.Stat. § 175A.01, subd. 5 (2002). Under section 175A.01, subdivision 5, that jurisdiction is limited to "questions of law and fact arising under the workers' compensation laws of [Minnesota]." *Id.* Thus, any claim not involving Minnesota's workers' compensation laws must be dismissed for lack of subject matter jurisdiction. *See id.*

■ Generally, any party "who has an interest in any matter before the workers' compensation court of appeals, or commissioner, or compensation judge such that the person may either gain or lose by an order or decision" has standing to intervene in a workers' compensation proceeding. Minn.Stat. § 176.361, subd. 1 (2002). The interest claimed by the party wishing to intervene must be one for which a compensation judge has the power to grant relief. *See Lemmer v. Batzli Electric Co.*, 267 Minn. 8, 125 N.W.2d 434, 436–37 (1963). Moreover, the rights and liabilities at issue must arise under Minnesota law. *See* Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 140 (2002) (stating that "normally the rights created by the compensation act of one state cannot be enforced in another state").

■ Whether the compensation judge erred in dismissing Pinnacol as an intervenor depends on whether the compensation judge had the power to grant the relief sought by Pinnacol. The ultimate relief sought by Pinnacol is "reimbursement for benefits due and payable under Minnesota law." Pinnacol maintains that allowing its intervention in Hale's workers' compensation proceedings merely permits it to protect its rights during the determination of primary liability for benefits paid after the July 20, 1998, accident. According to Pinnacol, once this determination is made, Viking must directly reimburse Pinnacol for those benefits that the compensation judge determines were due and payable under Minnesota law because Pinnacol paid all of Hale's benefits following the July 20 accident.

---

**3.** In addition, Pinnacol asserted constitutional claims. In affirming the compensation judge, the WCCA noted that it was not empowered to resolve these claims. *Hale v. Viking Truck-* *ing Co.*, 2002 WL 431823, at *5 (Minn. WCCA Feb. 7, 2002) (citing Minn.Stat. § 176.421, subds. 1 and 6 (2002)).

■ There are a number of problems with Pinnacol's argument. First, Pinnacol was not obligated to, nor did it, pay any benefits to Hale under the workers' compensation laws of Minnesota. The benefit payments it paid to Hale were made under Colorado law. That being the case, any determination that Pinnacol overpaid benefits to Hale and, as a result, is therefore entitled to reimbursement must be made under the workers' compensation laws of Colorado. This is because when an employee has suffered two or more successive injuries to the same body part, depending on the state, an employer/insurer may still be responsible for workers' compensation benefits even though the second injury occurs while the employee is working for a different employer. *See* Larson, *supra*, § 153.01[2] (describing the three different strategies that have been adopted by various states to determine which employer is liable when an employee is injured multiple times while working for different employers). This lack of substantial uniformity among the compensation schemes in the various states means that, in order to determine whether the insurer on the risk for the first injury is entitled to reimbursement for benefits mistakenly paid, the workers' compensation laws under which that insurer was paying benefits must be analyzed. In this case, the workers' compensation laws of Colorado would have to be examined to determine whether Pinnacol made benefit payments to Hale that it was not required to make and, if so, the amount of any overpayment. Minnesota Statutes § 175A.01, subdivision 5, makes clear that a Minnesota compensation judge lacks subject matter jurisdiction to make that determination. As a result, the compensation judge could not grant the relief

sought by Pinnacol and dismissal of Pinnacol as an intervenor was proper.[4] In so holding, we observe that this decision is consistent with the WCCA's decision in *Rundberg v. Hirschbach Motor Lines* in which the WCCA noted that neither the compensation judge nor the WCCA has "subject matter jurisdiction to determine whether an employee was entitled to workers' compensation benefits in another state, whether those benefits were mistakenly or improperly paid, or to determine or impose a Minnesota remedy in the event that such benefits were improperly or mistakenly paid under another state's law." *Rundberg v. Hirschbach Motor Lines*, 51 Minn. Workers' Comp. Dec. 193, 204 (WCCA), *aff'd mem.*, 51 Minn. Workers' Comp. Dec. 208 (Minn.1994).

## II.

■ Pinnacol next argues that the compensation judge's dismissal of Pinnacol as an intervenor violates Pinnacol's "right to due process and [its] vested remedy" under the Fourteenth Amendment to the United States Constitution and Article I, §§ 7 and 8, of the Minnesota Constitution. According to Pinnacol, the act of dismissing it as an intervenor in Hale's workers' compensation matter denies its right to be heard and to have its rights administratively adjudicated. The first inquiry in determining whether there has been a violation of due process is whether the individual has been deprived of a protected property interest. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Alcozer v. North Country Food Bank*, 635 N.W.2d 695, 705 (Minn.2001). It is only once it has been determined that there is a protected

---

4. This is not to say that Pinnacol may not have had standing to intervene for purposes other than interstate reimbursement. *See Rundberg v. Hirschbach Motor Lines*, 51 Minn.

Workers' Comp. Dec. 193, 206 (WCCA), *aff'd mem.*, 51 Minn. Worker's Comp. Dec. 208 (Minn.1994).

property interest that we look at whether there has been a due process violation. *Sullivan,* 526 U.S. at 59, 119 S.Ct. 977. As defined by the United States Supreme Court:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. * * *
>
> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Here, to the extent that Pinnacol has a property interest it seeks to protect, that interest was created under the workers' compensation laws of Colorado, not under the laws of Minnesota. Because Pinnacol's asserted interests do not arise under Minnesota workers' compensation law, we hold that its claim is not one that can be adjudicated by the Minnesota's workers' compensation courts.[5] As a result, Pinnacol's due process claim fails.

## III.

▇▇▇▇ Finally, Pinnacol argues that its dismissal as an intervenor violates its right to equal protection of law under the Fourteenth Amendment to the United States Constitution and Article I, § 2, of the Minnesota Constitution because there is no rational basis for treating it differently from an out-of-state medical provider who is permitted to intervene under Minnesota law. The Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §. 1. Under the Minnesota Constitution, "no member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land." Minn. Const. art. I, § 2. Minnesota's equal protection clause requires that similarly situated people be treated equally. *State v. Frazier,* 649 N.W.2d 828, 837 (Minn.2002).

Citing *McRoberts v. Palmer West Construction Co.,* 42 Minn. Workers' Comp. Dec. 449 (WCCA) *aff'd,* 448 N.W.2d 373 (Minn.1989), Pinnacol argues that there is no rational basis for distinguishing between out-of-state medical providers for whom Minnesota law "customarily allows" reimbursement and Pinnacol, an out-of-state workers' compensation carrier, if both have "paid benefits" due to a Minnesota work-related injury. However, Pinnacol's reliance on McRoberts is misguided because the health care provider in McRoberts and Pinnacol are not similarly situated.

While it is true that Pinnacol "paid benefits" to Hale, it did so based on its obligation under Colorado workers' compensation law for the January 10, 1998, injury. McRoberts involved a health care provider seeking payment from a workers' compensation insurer for medical services provided to an employee whose injury was compensable under the Minnesota

---

**5.** It is not clear from the record whether Pinnacol's asserted claim to reimbursement arises from some purported "property interest" or from the contract under which it insured BFT. In either event, resolution of Pinnacol's claim can only be made by a court of general jurisdiction and not by Minnesota workers' compensation courts.

Workers' Compensation Act. *See id.* at 455. There is no similarity between a workers' compensation insurance company required under the law of a state other than Minnesota to provide benefits to an injured employee and a health care provider seeking payment for health care services provided to an injured employee whose injuries are compensable under Minnesota law. Because Pinnacol and the health care provider in McRoberts are not similarly situated, Pinnacol's equal protection argument fails. We therefore affirm the decision of the Workers' Compensation Court of Appeals.

Affirmed.