Roger A. **GIERSDORF**, Respondent,

v.

**A & M CONSTRUCTION, INC.**, Respondent,

and

**The Hartford, Relator,**

and

**Merrimac Construction Company, Inc. and General Casualty Insurance Company, Respondents,**

and

**Rivers Edge Hospital & Clinic, New River Medical Center, Mayo Clinic, Minneapolis Clinic of Neurology, Minnesota Department of Labor & Industry/VRU, Minnesota Department of Human Services/BRS, Hennepin Faculty Associates, Consulting Radiologists, and HealthPartners, Inc., Intervenors–Respondents.**

A11–1841.

Supreme Court of Minnesota.

Sept. 5, 2012.

Thomas J. Peterson, McCollum, Crowley, Moschet & Miller, Ltd., Minneapolis, MN, for insurer-relator The Hartford.

Devin Murphy, Julia Douglass, Aafedt, Forde, Gray, Monson & Hager, P.A., Minneapolis, MN, for employer-respondent A & M Construction, Inc.

Jerry J. Lindberg, Lindberg Law, P.C., Sauk Rapids, MN, for employee-respondent.

David O. Nirenstein, Melissa S. Hareid, Fitch, Johnson, Larson & Held, P.A., Minneapolis, MN, for employer-respondent Merrimac Construction Company, Inc. and insurer-respondent General Casualty Insurance Company.

Carolyn Roach, St. Peter, MN, for intervenor-respondent Rivers Edge Hospital & Clinic.

Robert B. Hartley, Jr., Columbia Heights, MN, for intervenor-respondent New River Medical Center.

Jennifer Christie, Rochester, MN, for intervenor-respondent Mayo Clinic.

Ann Maike, Minneapolis, MN, for intervenor-respondent Minneapolis Clinic of Neurology.

Cherly D. Eliason, St. Paul, MN, for intervenor-respondent Minnesota Department of Labor & Industry/VRU.

Michael L. Schoff, St. Paul, MN, for intervenor-respondent Minnesota Department of Human Services/BRS.

Chris Rowe, Minneapolis, MN, for intervenor-respondent Hennepin Faculty Associates.

Sharon Hemmeke, Phoenix Management Systems, Inc., Minneapolis, MN, for intervenor-respondent Consulting Radiologists.

Christopher A. Seipel, Minneapolis, MN, for intervenor-respondent HealthPartners, Inc.

## OPINION

STRAS, Justice.

The issue presented in this case is whether the workers' compensation courts have the authority to hear a petition filed by A & M Construction, Inc. ("A & M") to determine whether The Hartford ("Hartford") has a duty to defend and indemnify A & M under a policy for workers' compensation insurance. Hartford moved to

dismiss A & M's petition, arguing that the compensation judge did not have subject matter jurisdiction to hear A & M's petition because the petition asserted a breach of contract claim rather than one arising under the workers' compensation laws. The compensation judge disagreed and denied Hartford's motion to dismiss. The Workers' Compensation Court of Appeals ("the WCCA") affirmed the compensation judge's decision, concluding that A & M was seeking a declaration that its insurance coverage with Hartford was still "in effect," a question within the compensation judge's authority to decide. We affirm and remand to the compensation judge for further proceedings.

## I.

According to the facts alleged in A & M's petition, Hartford provided workers' compensation liability insurance to A & M from June 12, 2007, until June 12, 2008. Following an audit of A & M's financial records, Hartford increased A & M's annual premium by $8,242 for the period from June 12, 2008, to June 12, 2009. Hartford then billed A & M for the entire premium owed for the policy year, even though Hartford had allegedly agreed to bill A & M in equal installments over the remaining billing cycles of the policy year. When A & M failed to pay the annual premium, Hartford gave notice of its intent to cancel the policy. Hartford then purportedly cancelled A & M's policy on December 18, 2008.

On January 20, 2009, A & M employee Roger Giersdorf suffered an alleged work-related injury. Giersdorf later filed a claim for workers' compensation coverage with the Office of Administrative Hearings. The parties joined in the action included Giersdorf's employer, A & M; the general contractor on the project on which Giersdorf allegedly was injured, Merrimac Con-

struction Company, Inc. ("Merrimac"); and Merrimac's insurer, General Casualty Insurance Company. A & M submitted Giersdorf's claim to Hartford, but Hartford denied the claim on the ground that it had cancelled the policy due to A & M's nonpayment of premiums. A & M thereafter filed the "Petition for Declaration of Insurance Coverage" that is at issue here.

A & M's petition alleged that Hartford "wrongfully breached its insurance contract with [A & M] when it assessed the newly adjusted premium in one lump sum payment instead of prorated installments." A & M further alleged that, if Hartford had prorated the additional premium in accordance with policy requirements, A & M would have fully paid the premium. A & M claimed that Hartford's breach of the policy caused it to incur "damages by defending and indemnifying itself in the workers' compensation claim filed by Roger Giersdorf." In the prayer for relief, A & M sought a judgment "declaring that ... Hartford breached its contract with [A & M] and owes [A & M] duties of defense and indemnification for Roger Giersdorf's workers' compensation claim."

Hartford moved to dismiss A & M's petition for lack of subject matter jurisdiction. Hartford acknowledged that the authority of Minnesota's workers' compensation courts "extends to addressing issues related to coverage under workers' compensation policies where such a determination is ancillary to adjudication of an employee's claim." However, Hartford argued that A & M's petition raises a breach of contract claim, not a coverage dispute, the former of which is outside the authority of the workers' compensation courts to decide. According to Hartford, only district courts have "the jurisdiction to award damages and fashion appropriate relief" in a breach of contract action.

The compensation judge denied Hartford's motion to dismiss, concluding "it is well settled law that [the] workers' compensation courts in Minnesota have jurisdiction to determine issues related to coverage under workers' compensation insurance policies, when the determination is ancillary to the adjudication of the employee's claim." The compensation judge reasoned that the question of whether Hartford had properly cancelled the policy was determinative of Hartford's duty to defend and indemnify A & M on Giersdorf's claim. "In essence," the compensation judge explained, the breach of contract claim asserted by A & M was really a coverage issue.

Hartford filed an interlocutory appeal challenging the compensation judge's determination that it had jurisdiction over A & M's petition. The WCCA affirmed, concluding that A & M is "is actually asserting … that … Hartford's purported cancellation of the insurance contract was *ineffective* and that coverage therefore existed as of the date of the employee's injury[,]" even though "some of the language of [A & M's] petition points to a breach of contract claim[.]" *Giersdorf v. A & M Constr. Inc.*, 2011 WL 4549155, at *3 (Minn. WCCA Sept. 20, 2011). Put differently, the WCCA viewed A & M's petition as raising the issue of "whether insurance coverage was in effect," a question within the compensation judge's statutory authority to decide. *Id.* We affirm.

## II.

■ At issue in this case is the subject matter jurisdiction of the workers' compensation courts to decide the legal questions presented by A & M's petition for declaration of insurance coverage. Subject matter jurisdiction refers to a court's authority "to hear and determine a particular class of actions and the particular questions" presented to the court for its decision. *Robinette v. Price*, 214 Minn. 521, 526, 8 N.W.2d 800, 804 (1943). Put differently, subject matter jurisdiction is a court's "statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The subject matter jurisdiction of the workers' compensation courts is a question of law that we review de novo. *Hale v. Viking Trucking Co.*, 654 N.W.2d 119, 123 (Minn.2002).

## A.

■ The scope of an administrative agency's authority, including the jurisdiction of executive branch courts, generally depends upon the language of the statute delegating authority to the agency. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Here, Minn.Stat. § 175A.01, subd. 5 (2010), broadly grants the WCCA the jurisdiction to hear and determine "all questions of law and fact arising under the workers' compensation laws of [Minnesota]."

■ The WCCA has construed the broad grant of authority in subdivision 5 to permit it to decide questions related to workers' compensation insurance coverage when such questions are ancillary to the adjudication of an employee's claim for compensation. *See Peterson v. Vern Donnay Constr. Co.*, 48 Minn. Workers' Comp. Dec. 664, 669 (WCCA), *aff'd without opinion*, 503 N.W.2d 792 (Minn.1993); *see also Smith v. Integrity Plus, Inc.*, 61 Minn. Workers' Comp. Dec. 192, 205 (WCCA 2000) ("The [compensation] judge certainly had sufficient jurisdiction to review and interpret the contract to determine whether the contract provided coverage insuring the employer's risk under the Minnesota workers' compensation law."), *aff'd without*

*opinion,* 625 N.W.2d 142, 143 (Minn.2001). In such cases, we have routinely affirmed the WCCA without questioning its authority to decide questions of insurance coverage. *See, e.g., Ives v. Sunfish Sign Co.,* 275 N.W.2d 41, 43–44 (Minn.1979) (affirming a compensation judge's decision that an insurance policy remained in effect beyond its stated termination date because it was not terminated in accordance with Minn.Stat. § 176.185); *Oster v. Riley,* 276 Minn. 274, 150 N.W.2d 43 (1967) (affirming a decision by the Industrial Commission that an employer's workers' compensation insurance policy was in force when an employee died). And in a recent case, we made explicit what was otherwise implicit in our case law: the workers' compensation courts, as a "general rule," have the authority to decide insurance coverage questions. *See Martin v. Morrison Trucking, Inc.,* 803 N.W.2d 365, 370–71 (Minn.2011).

In this case, however, we need not rely solely on the general grant of authority in Minn.Stat. § 175A.01, subd. 5, to conclude that the workers' compensation courts have authority to decide the factual and legal questions presented by A & M's petition. Minnesota Statutes § 176.215, subdivision 1 (2010), makes the general contractor—in this case, Merrimac—liable for any workers' compensation benefits due to an employee of a subcontractor when the subcontractor—in this case, A & M—fails to obtain workers' compensation insurance. In order to allocate liability between a general contractor and subcontractor under section 176.215, the statute also specifically grants authority to the workers' compensation courts to "determine the respective liabilities" of the parties. Minn. Stat. § 176.215, subd. 3 (2010).

The circumstances contemplated by section 176.215 are present here. A determination by the compensation judge of whether A & M had workers' compensation insurance at the time of Giersdorf's injury is ancillary, if not antecedent, to a decision about how to allocate the liability for Giersdorf's injury between Merrimac and A & M. If A & M's policy with Hartford was in effect at the time of Giersdorf's injury, then Merrimac is not responsible for paying benefits to Giersdorf. On the other hand, if Hartford successfully cancelled A & M's policy on December 18, 2008, Merrimac (and potentially its insurer) may be responsible for paying benefits to Giersdorf.

B.

■ Hartford does not dispute that the workers' compensation courts have jurisdiction to decide issues regarding insurance coverage. Rather, Hartford argues that A & M's petition does not present a coverage issue. According to Hartford, the petition is a veiled attempt to invoke the jurisdiction of the workers' compensation courts to decide "a classic breach of contract dispute," a type of action that Hartford argues must be filed in a district court. We disagree with Hartford's characterization of A & M's petition.

■ To be sure, A & M's petition alleges that "Hartford wrongfully breached its insurance contract." However, in assessing subject matter jurisdiction, we do not assign dispositive weight to the labels used in a pleading. *See The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913) (looking to what the plaintiff was "really relying upon" in assessing the propriety of the court's jurisdiction). Rather, we examine the "real nature of the action" to determine the authority and responsibilities of a court with respect to a claim. *Landgraf v. Ellsworth,* 267 Minn. 323, 326–27, 126 N.W.2d 766, 768 (1964) (citation omitted) (internal quotation marks omitted) (stating that the

"nature and character of the controversy" determines whether there is a right to a jury trial under Article I, Section 4 of the Minnesota Constitution); *see also Sellers v. Brown,* 633 F.2d 106, 108 (8th Cir.1980) (looking beyond the allegations of the complaint to determine the "true nature" of the suit in assessing a motion to dismiss for lack of subject matter jurisdiction).

Construed liberally, A & M's petition challenges Hartford's determination that it is not financially responsible for paying workers' compensation benefits to Giersdorf. *See Home Ins. Co. v. Nat'l Union Fire Ins. of Pittsburgh,* 658 N.W.2d 522, 535 (Minn.2003) (stating that "courts are to construe pleadings liberally"). Put differently, the "real nature of the action" is an insurance coverage dispute, not a breach of contract action. The petition begins by noting that "from June 12, 2007 until June 12, 2008, [A & M] was insured for workers' compensation liability in Minnesota by [Hartford]." The petition also alleges that Hartford wrongfully "denied it owed a duty to defend and indemnify [A & M] as the policy had · been cancelled." And of particular significance here, the petition not only seeks a declaration that Hartford breached its contract with A & M, but also a declaration that Hartford "owes A & M . . . duties of defense and indemnification for Roger Giersdorf's workers' compensation claim." Moreover, even assuming the allegations in the petition are ambiguous or unclear, A & M consistently has argued that it seeks a declaration from the compensation judge with respect to "whether or not [A & M] had workers' compensation insurance coverage with [Hartford] at the time of Mr. Giersdorf's injury."

We therefore agree with the WCCA that the "real" nature of the claim is "whether [A & M's] insurance coverage was in effect," a question that is within the authority of the compensation judge to answer.

*Giersdorf,* 2011 WL 4549155, at \*3. Accordingly, we conclude that the workers' compensation courts have subject matter jurisdiction to decide the issues presented in A & M's petition.

## C.

 Hartford also argues that allowing the compensation judge to decide the issues presented by this case violates its procedural due process rights because it cannot interpose its available defenses in an action before the compensation judge. More specifically, Hartford argues that the compensation judge lacks jurisdiction to decide whether: (1) A & M failed to mitigate its damages; (2) Hartford is entitled to a setoff for past-due premiums; and (3) Hartford's notice of cancellation was effective under Minn.Stat. § 60A.38 (2010).

The first two defenses are available to Hartford only if A & M's petition pled a claim for breach of contract. Because the petition raises a question regarding insurance coverage, *see supra* Part I.B, the issue of whether A & M appropriately mitigated its damages has no bearing on the determination of whether Hartford had a duty to defend and indemnify A & M against Giersdorf's claim for compensation. If the compensation judge concludes that Hartford successfully cancelled A & M's policy before Giersdorf's injury, then Hartford will have no duty to defend and indemnify A & M. On the other hand, if the compensation judge reaches the opposite conclusion, then Hartford will have a duty to defend and indemnify A & M regardless of whether A & M mitigated its damages.

Similarly, the issue of whether Hartford has a right to setoff has no bearing on Hartford's purported duty to defend and indemnify A & M against Giersdorf's claim. If the compensation judge determines that Hartford cancelled A & M's policy before Giersdorf's injury, then Hartford would not be entitled to collect premi-

ums claimed to have accrued after the cancellation date. If the compensation judge concludes, by contrast, that A & M's policy was still in effect when Giersdorf was injured, Hartford's only obligation will be to compensate the attorney defending A & M against Giersdorf's claim and, potentially, Giersdorf. *See, e.g.*, Minn.Stat. § 176.185, subd. 7 (2010) ("Where an employer has properly insured the payment of compensation to an employee, the employee . . . shall proceed directly against the insurer."). Under either scenario, Hartford will not be required to pay A & M compensation that can be offset by the amount of unpaid premiums.[1]

■ The availability of the third defense—whether Hartford's notice of cancellation of A & M's policy was effective under Minn.Stat. § 60A.38—is not a question that is properly before us on appeal. In invoking section 60A.38, Hartford argues that permitting the compensation judge to decide the issues presented in A & M's petition will deprive it of its defense that its notice of cancellation to A & M was effective under that provision. *See* Minn. Stat. § 60A.38, subd. 4 ("Unless otherwise specifically required, United States Postal Service proof of mailing of the notice of cancellation . . . of an insurance policy is sufficient proof the proper notice has been given."). Whatever the merits of Hartford's section 60A.38 defense, it is clear from Hartford's reply brief that it raises its argument under section 60A.38 solely in response to A & M's amended petition, submitted to the compensation judge *after* Hartford had filed its petition for certiorari. As Hartford acknowledges, however, A

& M's amended petition is not part of the record on appeal. *See* Minn.Stat. § 176.471, subd. 8 (2010) (stating that once a petition for certiorari has been filed, the administrator of the WCCA "shall transmit to the . . . appellate courts a true and complete return of the proceedings of the Workers' Compensation Court of Appeals under review"); Minn. R. Civ.App. P. 110.01 ("The papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."); *see also* Minn. R. Civ.App. P. 101.01 (providing that the Rules of Civil Appellate Procedure apply "in proceedings for review of orders of administrative agencies, boards or commissions"). Because the scope of our review is limited to the record before us on appeal, we decline to address the availability of a defense that is responsive to a pleading that is not part of the appellate record. *See Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583–84 (Minn.1977).

### III.

For the foregoing reasons, we conclude that the workers' compensation courts have authority to decide the issues presented in A & M's petition for declaration of insurance coverage. Accordingly, we affirm the decision of the Workers' Compensation Court of Appeals and remand for further proceedings consistent with this opinion.

Affirmed and remanded.

---

1. We do not mean to suggest that Hartford could not bring a separate action for past-due premiums against A & M in district court. Indeed, Hartford conceded at oral argument that it could effectively advance its setoff claim in such an action. Given the availability of an alternate forum for the assertion of its claim, Hartford's inability to vindicate its claim here does not deprive it of due process. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 746–47, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (stating that procedural due process is not violated when a party has "to resort to alternative procedures for review," even when the alternate forum may "present serious problems of delay").