**Carol J. SMITH, Relator,**

v.

**CITY OF SAUK CENTRE, Self–Insured/ Berkley Administrators, Central MN Mental Health Center, and Dodson Insurance Company, Respondents,**

**and**

**St. Michael's Hospital, MN Department of Human Services, Intervenors.**

No. C2–98–259.

Supreme Court of Minnesota.

May 28, 1998.

DeAnna M. McCashin, Wojtalewicz, Hohman & Schoep Charted, Alexandria, for Employee/Appellant Carol J. Smith.

Thomas M. Peterson, St. Paul, for Employers/Respondents City of Sauk Centre and Self-Insured/Berkley Administrators.

Charles E. Gillin, Michael A. Rayer, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for Insurers/Respondents Central MN Mental Health Center and Dodson Ins. Group.

OPINION

GILBERT, Justice.

This workers' compensation matter comes before this court by certiorari on the relation

of Carol Smith to review the Workers' Compensation Court of Appeals (WCCA) decision affirming the denial of *Roraff* attorney fees.[1] We reverse and remand for specific factual findings in accordance with the factors and procedure set forth in Minn.Stat. § 176.081, subd. 5(d), (e) (1994).[2]

Carol J. Smith sustained a compensable low back injury on May 20, 1994, while employed by the City of Sauk Centre as a part-time emergency medical technician. She reinjured her low back on July 7, 1995, while employed at a second part-time job as a chemical dependency technician at the Central Minnesota Mental Health Center. Smith filed a claim petition against Sauk Centre and Central Minnesota Mental Health Center for wage loss benefits, permanent partial disability benefits, and medical expenses. Sauk Centre denied primary liability. Following a hearing, the compensation judge found that the July 7, 1995, injury was compensable, that Smith was entitled to wage loss benefits as a result of that injury, that all of the disputed medical care was reasonably required, and that Smith was entitled to 26 weeks of economic recovery compensation pursuant to Minn.Stat. § 176.101, subd. 3t(b) (1994).[3] The compensation judge found that the May 20, 1994 injury resulted only in a temporary aggravation or strain and the effects of such injury had essentially resolved by October of 1994.

Smith's attorney subsequently petitioned for fees under Minn.Stat. § 176.191 (1994) or, in the alternative, *Roraff* fees plus partial reimbursement of the fees paid pursuant to Minn.Stat. § 176.081, subd. 7 (1994). The compensation judge denied the petition for attorney fees without making any factual findings. However, the judge concluded that contingency fees deducted from the compensation award did not result in inadequate

compensation and that the dispute was not "primarily" between insurers. On appeal, the WCCA affirmed, albeit reluctantly, stating: "the compensation judge's decision is not clearly unreasonable and it is well within the discretion granted to compensation judges in matters involving the assessment of an appropriate amount of attorney fees to be awarded in a case." Smith's attorney has sought review of the denial of *Roraff* attorney fees, contending that where the award of all of the claimed medical benefits amounted to $4,115.03 of her client's total benefits recovery of $11,077.37, the $1,592.40 allowed as contingency fees was inadequate given the time and effort spent on the claim. The contingency fee appears to be calculated solely on the wage loss and permanent partial disability benefits award of $6,962.34 (i.e., 25% of the first $4,000 plus 20% of $2,962.34 or $1,000 plus $592.48). Although the medical benefits were fully awarded to Smith, no attorney fees were allowed by the compensation judge for those efforts or results.

Under the applicable law, in proceedings brought solely to recover medical benefits, reasonable attorney fees may be assessed against the employer/insurer. *Roraff*, 288 N.W.2d at 15; Minn.Stat. § 176.135, subd. 1(d) (1994). In proceedings where a medical benefits dispute is resolved simultaneously with a dispute over monetary benefits, *Roraff* fees are not allowable unless the disallowance would result in inadequate compensation to the attorney. *Kopish v. Siverton Fisheries*, 39 Minn. Workers' Comp. Dec. 316 (WCCA 1987); Minn.Stat. § 176.081, subd. 1 (1994). The statutory scheme for approval of attorney fees assessed against the employer/insurer requires that the determination of the fee "be done with the same care as the determination of any other fact question in the matter"[4] and contemplates factual findings applying the factors set out in Minn.Stat. § 176.081, subd. 5(d) (1994). *See Saari v. McFarland*, 319 N.W.2d 706, 709–10 (Minn.1982).[5] No such findings, how-

---

**1.** *See Roraff v. Dep't of Transp.*, 288 N.W.2d 15 (Minn.1980).

**2.** *Repealed*, Act of May 25, 1995, ch. 231, art. 2, § 110, 1995 Minn. Laws 1977, 2072.

**3.** *Repealed*, Act of May 25, 1995, ch. 231, art. 1, §§ 36(b) and 37, 1995 Minn. Laws 1977, 1998–99.

**4.** Minn.Stat. § 176.081, subd. 5(e) (1994), *repealed, see supra* note 2.

**5.** As amended, effective October 1, 1995, Minn.

ever, were made here. While we are mindful that in *Roraff* fee claims the adequacy of contingency fees generally falls within the discretion of the compensation judge, we believe that it was an abuse of discretion not to award some *Roraff* fees in this case. The claimed medical benefits were contested but all of the treatment was found to be reasonable and necessary to cure and relieve the employee from the effects of her work-related injury. The amount awarded for medical benefits amounts to approximately 37% of the total benefits granted. Total attorney fees billed at the regular billing rates of Smith's law firm amounted to $8,940. While it is true that a contingent fee of $1,592 was paid, under the facts of this case that amount would result in inadequate compensation being paid to the attorney. We therefore reverse the order denying the petition for *Roraff* attorney fees and remand the matter to the compensation judge for reconsideration and the preparation of specific findings of what amount of attorney fees should be awarded Smith's attorneys from Central Minnesota Mental Health Center. The relator may, if she chooses, reinstate her appeal to the WCCA if she is not satisfied with the decision of the compensation judge after reconsideration on remand.

Reversed and remanded.

The Relator is also awarded $400 in attorney fees on this appeal.

Stat. § 176.081 has changed the method for recovery of attorney fees in medical benefits disputes, Act of May 25, 1995, ch. 231, art. 2, §§ 45, 112, 1995 Minn. Laws 2035–37, 2072, and the process for approval of fees has been repealed, *see supra* note 2, although apparently an aggrieved party may still seek review by the WCCA, Minn.Stat. § 176.081, subd. 3. *See generally,* John Brian, *Attorneys' Fees* in *The Minnesota Workers' Compensation Deskbook* §§ 10.2, 10.5 (Jay T. Hartman & Thomas P. Mottaz eds.2d ed.1997).