**MINH NGUYEN, Relator,**

v.

**AUDIO COMMUNICATIONS AND SFM MUTUAL INSURANCE COMPANY, Respondents.**

No. A11–1784.

Supreme Court of Minnesota.

May 9, 2012.

DeAnna M. McCashin, Schoep & McCashin, Chtd., Alexandria, MN, for relator.

Danielle T. Bird, Lynn, Scharfenberg & Associates, Minneapolis, MN, for respondents.

## OPINION

MEYER, Justice.

The issue presented in this workers' compensation case is whether respondent Audio Communications should be required to pay the attorney fees incurred by relator Minh Nguyen in connection with Audio Communications' petition for determination of the date of onset of permanent total disability. A compensation judge declined to require Audio Communications to pay Nguyen's attorney fees and the Workers' Compensation Court of Appeals affirmed. We affirm.

Nguyen fell from a ladder on December 13, 2005, while employed by Audio Communications and injured his left shoulder, neck, and left hip. Nguyen was initially able to continue working with restrictions but, by March 2006, Audio Communications was no longer able to accommodate those restrictions and began paying temporary total disability benefits. In July 2006 doctors performed a cervical discectomy and fusion using bone grafted from Nguyen's left hip. Nguyen was released to light-duty work in October 2006, but with restrictions. Despite a diligent search, Nguyen could not find work within his physical restrictions.

In the meantime, complications developed at the site of the bone graft. On January 23, 2007, Nguyen's doctor recommended that he stop looking for work. In March 2007 Nguyen's doctors declared him medically unable to work. In November 2007 Nguyen's left leg buckled and he fell, breaking his left hip. Nguyen received temporary total disability benefits until those benefits expired. Effective February 26, 2008, Audio Communications began paying Nguyen benefits for a 14% permanent partial disability. In April 2008 Nguyen began collecting social security disability benefits, retroactive to April 2007 and based on a disability date of October 9, 2006.

In January 2008 Nguyen filed a claim for underpayment of the temporary total disability benefits paid between March 2006 and March 2008. In October 2008 Nguyen amended his petition to seek benefits for permanent total disability. Nguyen's amended petition did not seek to establish the date of onset of permanent disability. Rather, Nguyen sought benefits for permanent total disability from and after March 4, 2008. Audio Communications contested the claim, arguing that Nguyen had not yet reached maximum medical improvement and the issue of permanency was therefore premature.

In March 2009 a compensation judge awarded Nguyen benefits from March 4,

2008, for permanent total disability. Audio Communications and its insurer, SFM Mutual Insurance Company, appealed to the Workers' Compensation Court of Appeals (WCCA) on the sole issue of whether March 4, 2008, was the date of onset of Nguyen's permanent total disability. However, the WCCA dismissed the appeal because the question of the date of onset of permanent total disability had not been presented to the compensation judge. *Nguyen v. Audio Commc'ns,* 69 Minn. Workers' Comp. Dec. 430, 434 (WCCA 2009).

Audio Communications then petitioned the compensation judge for determination of the date of onset of permanent total disability, claiming that Nguyen became permanently and totally disabled as of either October 9, 2006 (the date on which Nguyen became eligible for social security disability benefits) or January 23, 2007 (the date on which Nguyen's doctor recommended that Nguyen stop looking for work). The compensation judge found that Nguyen became permanently and totally disabled as of March 1, 2007. That finding entitled Audio Communications and its insurer to recover $19,090.50 in workers' compensation benefits paid to Nguyen. *See* Minn.Stat. § 176.101, subd. 4 (2010) (providing that "after a total of $25,000 of weekly compensation [for permanent total disability] has been paid, the amount of the weekly compensation benefits being paid by the employer shall be reduced by the amount of any disability benefits being paid by any government disability benefit program"). Nguyen's ongoing workers' compensation benefits were reduced by 20% to recoup the overpayment. Nguyen was partially successful in opposing the petition because had Audio Communications partially established that

Nguyen became permanently and totally disabled as of January 2007 or October 2006, it would have been entitled to recover an even greater offset in the amount of compensation benefits paid to Nguyen.

Nguyen then petitioned to require Audio Communications to pay the attorney fees he incurred in partially succeeding in opposing Audio Communications' petition for determination of the date of onset of permanent total disability. The compensation judge denied the claim for attorney fees, and the WCCA affirmed. *Nguyen v. Audio Commc'ns, Inc.,* 2011 WL 4447236, at *6 (Minn. WCCA Sept. 12, 2011).

The facts of this case are undisputed and the only issues presented are questions of law. We review questions of law de novo. *Roemhildt v. Gresser Cos.,* 729 N.W.2d 289, 292 (Minn.2007).

I.

Minnesota Statutes § 176.081 (2010) provides that the attorney fees incurred by an injured worker in connection with a claim for workers' compensation benefits are generally based on, and paid from, the stream of benefits paid to the injured worker. Minnesota Statutes § 176.081, subd. 1(a), provides:

A fee for legal services of 25 percent of the first $4,000 of compensation awarded to the employee and 20 percent of the next $60,000 of compensation awarded to the employee is the maximum permissible fee and does not require approval by the commissioner, compensation judge, or any other party. All fees, including fees for obtaining medical or rehabilitation benefits, must be calculated according to the formula under this subdivision.[1]

---

1. Although Minn.Stat. § 176.081, subd. 1(a), purports to establish a "maximum permissible fee" that may be paid to the injured worker's attorney, we have held such a limitation

With notice to the employer, these fees are withheld from the benefits paid to the employee. *Id.*, subd. 1(c). Section 176.081 provides only two circumstances in which an injured worker's attorney fees are paid by the employer or its insurer. First, the fee for obtaining a disputed benefit "for which a dollar value is not reasonably ascertainable," such as a change of medical provider, "is the amount charged in hourly fees for the representation or $500, whichever is less, to be paid by the employer or insurer." *Id.*, subd. 1(a)(2). Second, attorney fees for recovery of medical or rehabilitation benefits are assessed against the employer or its insurer "if the attorney establishes that the contingent fee is inadequate to reasonably compensate the attorney for representing the employee in the medical or rehabilitation dispute." *Id.*, subd. 1(a)(1).

In seeking to require Audio Communications to pay the attorney fees he incurred in opposing the petition for determination of the date of onset of permanent total disability, Nguyen relies on Minn.Stat. § 176.081, subd. 1(a)(3), which provides, in pertinent part:

> An attorney must concurrently file all outstanding disputed issues. An attorney is not entitled to attorney's fees for representation in any issue which could reasonably have been addressed during the pendency of other issues for the same injury.

Nguyen contends that the question of the date of onset of permanent total disability was ripe at the time that his claim for benefits was heard and should have been raised in that proceeding. Had Audio Communications raised the question of the date of onset of permanent total disability

in response to Nguyen's amended claim, Nguyen argues, he would not have incurred additional attorney fees. Nguyen reasons that if an injured worker's attorney must bring all claims for benefits in the same proceeding, an employer's attorney should be required to bring all defenses to those claims in the same proceeding.

■ Even under Nguyen's argument, however, Minn.Stat. § 176.081, subd. 1(a)(3), would bar only the attorney for the *employer* from collecting attorney fees for issues that the employer could have, but did not, raise in an earlier proceeding. Subdivision 1(a)(3) does not require the employer to pay attorney fees incurred by the employee in connection with defenses that the employer could have, but did not, raise in an earlier proceeding.

Nguyen further contends that even if requiring Audio Communications to pay his attorney fees is not required by the express language of section 176.081, it is consistent with the purposes of the statute. *See Kahn v. State, Univ. of Minn.*, 327 N.W.2d 21 (Minn.1982). In *Kahn*, we made these observations about section 176.081, as it was then enacted:

> This statutory scheme for application and review of attorney fee requests evinces two distinct purposes. First, the statute is designed to protect compensation claimants from excessive legal charges which might otherwise severely deplete funds badly needed by the employee and his or her dependents. Second, the statute is designed to insure that attorneys who represent compensation claimants will receive reasonable compensation for their efforts, and is in furtherance of the public policy of this state that injured employees have access

---

unconstitutional, as a violation of the doctrine of separation of powers, "to the extent it impinges on our inherent power to oversee attorneys and attorney fees and deprives us of

a final, independent review of attorney fees." *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132, 142 (Minn.1999).

to representation by competent counsel knowledgeable of the intricacies of the workers' compensation law.

*Kahn,* 327 N.W.2d at 24.

But we need not require employer Audio Communications to pay Nguyen's attorney fees in order to fulfill the purposes of section 176.081, even as we explained them in *Kahn.* There is no claim here that the attorney fees sought by Nguyen's counsel are "excessive." Moreover, if not paid by Audio Communications, Nguyen's counsel acknowledges that she can petition under Minn.Stat. § 176.081, subd. 3, for an award of additional fees to be paid from the workers' compensation benefits being paid to Nguyen.

## II.

Nguyen further urges us to extend to the facts of this case the rationale used by the WCCA to award employer-paid attorney fees in *Gruber v. Independent School District # 625,* 57 Minn. Workers' Comp. Dec. 284 (WCCA), *aff'd without opinion* 580 N.W.2d 497 (Minn.1997).

In *Gruber,* the WCCA required the employer to pay attorney fees incurred by an employee in successfully defending against the employer's attempt to recoup benefits allegedly received in bad faith. 57 Minn. Worker's Comp. Dec. at 290; *see* Minn. Stat. § 176.179 (2010) (allowing the recovery of benefit overpayments "not received in good faith"). By the time the employer's petition to recover benefits allegedly received by Gruber in bad faith came before the compensation judge, Gruber had returned to work and was no longer receiving wage benefits. *Gruber,* 57 Minn. Workers' Comp. Dec. at 286. Although the compensation judge denied Gruber's request for payment of fees, the WCCA reversed. *Id.* at 289. The WCCA concluded, "as a matter of policy," that

where an employee successfully defends against an allegation of bad faith receipt of benefits but contingency fees available, if any, are insufficient to reasonably compensate the employee's attorney for time expended in defending that issue, the employee's attorney may be awarded reasonable hourly fees from the employer and insurer sufficient to compensate the employee's attorney for successful defense of the bad faith issue.

*Id.* at 290. The WCCA found this approach "consistent with the approach the supreme court has long taken with respect to affording reasonable compensation for representation on other workers' compensation issues which similarly do not, in and of themselves, result in an award of benefits to an employee." *Id.* at 291 (citing *Roraff v. State, Dep't of Transp.,* 288 N.W.2d 15 (Minn.1980) (affirming the WCCA's award of employer-paid attorney fees in a proceeding to require the employer to pay the employee's medical expenses), and *Heaton v. J.E. Fryer & Co.,* 36 Minn. Workers' Comp. Dec. 316 (Minn. WCCA 1983) (requiring the employer to pay attorney fees incurred by an employee seeking benefits for rehabilitation)).

However, the WCCA has resisted expanding the concept of *Gruber* fees to other factual contexts, including fees incurred in defending against an employer's petition for determination of the date of onset of permanent total disability. *See Barry v. N. States Power Co.,* 2000 WL 694428 (Minn. WCCA May 8, 2000) (denying *Gruber* fees incurred in opposition to the employer's petition for determination of the date of onset of permanent total disability); *see also, e.g., Kaufman v. Eveleth Mines,* 66 Minn. Workers' Comp. Dec. 212, 220 (WCCA 2006) (denying *Gruber* fees incurred in defending against the employer's petition to find the employee permanently and totally disabled); *Johnson v. Apple Valley Health Care Ctr.,* 63 Minn.

Workers' Comp. Dec. 434, 437–38 (WCCA 2003) (denying *Gruber* fees incurred in successfully defending against the employer's petition to discontinue benefits on grounds that the employee was no longer permanently and totally disabled); *Wesley v. Wiseway Motor Freight,* 2000 WL 1786327, at *2–3 (Minn. WCCA Nov. 8, 2000) (denying *Gruber* fees incurred in litigating whether Minnesota or Wisconsin had jurisdiction over the employee's claim for benefits).

Our court has not previously addressed the propriety of *Gruber*-type fees, and it is unnecessary for us to do so here. Even if we assume, without deciding, that an award of *Gruber* fees is permissible in certain situations, *Gruber* is plainly inapplicable to this case. By its terms, *Gruber* is limited to fees incurred in successful defense of an allegation of bad faith receipt of benefits, where contingency fees cannot reasonably compensate the employee's attorney because there are no benefits being paid to the employee from which a contingent fee can be paid. *See* 57 Minn. Workers' Comp. Dec. at 290. Neither circumstance is present here: there is no allegation that Nguyen received benefits in bad faith, and there is a stream of benefits from which Nguyen's attorney fees can be paid. We therefore affirm the WCCA's denial of Nguyen's petition for employer-paid attorney fees.

Affirmed.