STATE OF MINNESOTA

IN SUPREME COURT

A13-2320

Workers' Compensation Court of Appeals                    Gildea, C.J.

Curtis B. Braatz,

                    Respondent,

vs.                                                          Filed:  July 23, 2014
                                                     Office of Appellate Courts

Parsons Electric Company and
Zurich North America/GAB Robins, Inc.,

                    Relators.

_____

Gary L. Manka, Katz & Manka, Ltd., Minneapolis, Minnesota, for respondent.

Mark A. Kleinschmidt, Michael R. Johnson, Cousineau McGuire Chartered, Minneapolis, Minnesota, for relators.

_____

S Y L L A B U S

1.      Under the plain language of Minn. Stat. § 176.081, subd. 1(a)(3) (2012), an employee who fails to file and address all reasonably related claims at the same time forfeits attorney fees for claims that could have been, but were not, addressed in an earlier proceeding, but the employee does not forfeit the right to seek attorney fees for claims that were addressed.

2.       The compensation judge did not abuse his discretion in awarding attorney fees pursuant to Minn. Stat. § 176.081, subd. (1)(a)(1) (2012), that exceeded the amount of the benefits awarded to the employee when the compensation judge considered the factors in *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132 (Minn. 1999), to ensure that the attorney recovered a reasonable amount of fees for representing the employee.

Affirmed.

O P I N I O N

GILDEA, Chief Justice.

Relators Parsons Electric Company and Zurich North America/GAB Robins, Inc. ("Parsons") seek review of a Workers' Compensation Court of Appeals decision upholding a compensation judge's attorney fee award. Parsons argues that to be eligible for attorney fees, Minn. Stat. § 176.081 (2012) requires the employee to address all related issues at the same time.[1] Thus, Parsons contends that when the employee decided not to pursue his indemnity claims at the compensation hearing, and instead pursued only a claim for medical benefits, the employee forfeited his statutory right to all attorney fees. In the alternative, Parsons argues that even if the employee did not forfeit his right to attorney fees, the compensation judge and the WCCA failed to properly consider the lodestar analysis set forth in *Green v. BMW of North America, LLC*, 826 N.W.2d 530 (Minn. 2013). Because we conclude that Parsons misreads the statute and that the

---

[1]      Throughout the opinion, when we generally refer to the employee we are also referring to the attorney who represents the employee. *See* Minn. Stat. § 176.081, subd. 1(a)(3).

2

compensation judge applied the correct legal analysis and did not abuse his discretion in awarding attorney fees, we affirm.

The relevant facts are undisputed. In July 2007, Curtis B. Braatz was working for Parsons Electric Company when he injured his lower back.[2] On July 30, 2009, Braatz filed a workers' compensation claim against his employer seeking temporary total disability benefits (which the parties also refer to as "indemnity benefits") from August 18, 2007, for *Gillette* injuries[3] to his spine. Braatz later amended the claim petition to seek medical benefits in addition to the indemnity benefits. In a pretrial statement, Braatz identified the issues for the upcoming hearing as whether he was entitled to benefits for temporary total disability, permanent total disability, temporary partial disability, and permanent partial disability, as well as the dates of injury and the amount of medical and rehabilitation expenses and wage loss.

On October 26, 2012, four days before Braatz's hearing before a compensation judge, Braatz's attorney notified Parsons's attorney that Braatz intended to narrow the

---

[2]    Because neither party appealed the compensation judge's initial determination that Parsons had to pay Braatz's medical expenses, there is no transcript of the compensation hearing. *See* Minn. Stat. § 176.421, subd. 5 (2012) ("When the notice of appeal has been filed . . . , the chief administrative law judge shall immediately order the preparation of a typewritten transcript of that part of the hearing delineated in the notice."). The relevant facts about the injury therefore come from the compensation judge's findings and neither party disputes these findings.

[3]    *See Gillette v. Harold, Inc.*, 257 Minn. 313, 101 N.W.2d 200 (1960). A *Gillette* injury is one that "arise[s] out of and in the course of the employment." Rather than resulting from a sudden or violent injury, a *Gillette* injury "may occur daily" and cause "minimal damage," the "cumulative effect of which in the course of time may be as injurious as a single traumatic occurrence which is completely disabling." *Id.* at 321, 101 N.W.2d at 206.

3

issues to be tried at the upcoming hearing. Specifically, Braatz's attorney said that Braatz intended to address only whether the company was primarily liable for the injury and for medical benefits, and that Braatz would not address the claim for indemnity benefits. Following a hearing on these two issues, the compensation judge found that Braatz had sustained a *Gillette* injury and awarded him medical benefits of $11,893.69.

Braatz's attorney then filed a statement of attorney fees and costs with the compensation judge. Minnesota Statutes § 176.081, subd. 1(a), provides that "[a] fee for legal services of 25 percent of the first $4,000 of compensation awarded to the employee and 20 percent of the next $60,000 of compensation awarded to the employee is the maximum permissible fee."[4] Because Braatz recovered $11,893.69 in medical benefits, the "maximum permissible fee" to which his attorney was entitled was $2,578.74.[5] *See* Minn. Stat. § 176.081, subd. 1(a).

This statutory "contingent fee" is presumed to be adequate to compensate the attorney for representing the employee in recovering medical benefits. Minn. Stat. § 176.081, subd. 1(a)(1). If, however, the attorney "establishes that the contingent fee is inadequate to reasonably compensate the attorney for representing the employee in the medical . . . dispute," then Minn. Stat. § 176.081, subd. 1(a)(1), provides that attorney

---

[4]     The statute has since been amended. Act of May 16, 2013, ch. 70, art. 2, § 3, 2013 Minn. Laws 362, 369 (codified at Minn. Stat. § 176.081 (Supp. 2013)). The rights of the employee and employer are fixed by the law in effect on the date of the injury, *see Joyce v. Lewis Bolt & Nut Co.*, 412 N.W.2d 304, 307 (Minn. 1987), and we therefore refer to the pre-amendment version of the statute.

[5]     $(.25 \times \$4,000) + (.20 \times \$7,893.69) = \$2,578.74.$

4

fees for that representation can be assessed against the employer or insurer. In *Irwin v. Surdyk's Liquor*, we held that a reasonable attorney fee in workers' compensation cases should be determined by applying the statutory guidelines along with consideration of "the amount involved, the time and expense necessary to prepare for trial, the responsibility assumed by counsel, the experience of counsel, the difficulty of the issues, the nature of the proof involved, and the results obtained." 599 N.W.2d 132, 142 (Minn. 1999). Arguing that the contingent fee was inadequate to reasonably compensate him, Braatz's attorney requested additional fees for 96.40 hours of work at his hourly rate of $350, for an award of $33,740 in fees under subdivision 1(a)(1).

Relying on the *Irwin* factors, Braatz's attorney noted in his application that while the actual amount of medical expenses in dispute was modest, "it was necessary to establish primary responsibility and liability for a denied claim to receive not only the incurred medical expenses, but the likelihood of additional medical expenses that will be incurred in the future to care for and treat the employee's condition." He also said he was an experienced workers' compensation attorney and that the present case involved "very significant and complex medical/legal issues."

In addition to the request for attorney fees, Braatz also sought reimbursement from Parsons for attorney fees under Minn. Stat. § 176.081, subd 7.[6] Subdivision 7 applies if

---

[6]     Braatz also sought reimbursement of his attorney's reasonable costs and disbursements. Before the compensation judge, the parties "stipulate[d] and agree[d] that . . . [Braatz's attorney] has incurred reasonable and taxable costs and disbursements in the amount of $3,191.29." The compensation judge granted the requested sum, and that award of costs is not at issue here.

5

the employer or insurer resists paying medical expenses and an employee hires an attorney who "successfully procures payment on behalf of the employee." *Id.* In that case, the employer (or its insurer) must pay the employee "an amount equal to 30 percent of that portion of the attorney's fee which has been awarded pursuant to this section that is in excess of $250" in addition to the benefits awarded. Minn. Stat. § 176.081, subd. 7. Braatz sought an award of $10,047[7] in attorney fees under subdivision 7.

Parsons objected to Braatz's request for attorney fees, arguing that both the hourly rate and the number of hours spent on the case were unreasonable. Parsons denied that the dispute was "either complex or difficult," or that the case involved "very significant and complex medical/legal issues." At the hearing on his fee request, Braatz's attorney noted that he excluded time he spent working on the indemnity benefits issue from his fee request. Specifically, although he said he did not know how many hours were excluded, Braatz's attorney said he tried to cut "anything that was related to . . . preparation or dealing with issues relative to vocational testimony and the like . . . from the Itemization of Time."

The compensation judge granted in part and denied in part Braatz's fee request. The judge found that Braatz was entitled to a contingent attorney fee of $2,578.74, but that there was no current stream of benefits from which that fee could be paid. The judge then found that the contingent fee award was "inadequate" to compensate Braatz's attorney for his time and effort, and therefore Braatz was entitled to attorney fees under

---

[7] ($33,740 - $250) × .3 = $10,047.

Minn. Stat. § 176.081, subd. 1(a)(1). Turning to the *Irwin* factors, the compensation judge acknowledged that the medical benefits involved were "relatively modest" and that the hourly billing rate and amount of time spent per task were generally reasonable. But, because "some tasks itemized were unrelated to the prosecution of the medical issues before the Court," and "some of the time spent was not reasonable," the judge reduced the amount requested by more than two-thirds, awarding Braatz $10,000 "in addition to the contingent fees," for a total attorney fee award of $12,578.74. Finally, the compensation judge awarded Braatz $3,698.62 in subdivision 7 fees.[8]

Parsons appealed, and the WCCA affirmed. *Braatz v. Parsons Elec. Co.*, 2013 WL 7017753 (Minn. WCCA Nov. 18, 2013). Parsons then sought certiorari review in our court. On appeal, Parsons argues that Minn. Stat. § 176.081, subd. 1(a)(3), precludes an award of attorney fees because the plain language of that statute shows that an employee who fails to join and address all reasonably related claims at the same time forfeits the right to any attorney fees. Parsons also argues that the compensation judge abused his discretion in awarding Braatz fees by failing to consider the size of the recovery under the lodestar method we discussed in *Green v. BMW of North America, LLC*, 826 N.W.2d 530 (Minn. 2013). We consider each argument in turn.

I.

We turn first to Parsons's argument that the compensation judge's award of attorney fees contravened Minn. Stat. § 176.081, subd. 1(a)(3). Parsons argues that under

---

[8]    ($12,578.74 - $250) $\times$ .3 = $3,698.62.

7

the plain language of Minn. Stat. § 176.081, subd. 1(a)(3), an employee who fails to join and address all reasonably related claims at the same time forfeits the right to any attorney fees. Braatz argues, on the other hand, that the WCCA properly affirmed the attorney fee award because the WCCA recognized that the only issue submitted for decision was a medical dispute, and that Parsons made no showing that Braatz could have tried any other issue on the same date as the primary liability and medical benefits issues. Accordingly, Braatz contends, the statute does not bar his request for attorney fees related to the claim that was litigated.

The parties' arguments present an issue of statutory interpretation, which we review de novo. *State v. Nelson*, 842 N.W.2d 433, 436 (Minn. 2014). When the words of a law in their application to an existing situation are clear, we cannot disregard the statute's plain language under the pretext of pursuing the law's spirit. Minn. Stat. § 645.16 (2012).

The plain language of section 176.081, subdivision 1(a)(3), requires two things for purposes of the fee award at issue here. First, the statute requires an employee to "concurrently *file* all outstanding disputed issues." Minn. Stat. § 176.081, subd. 1(a)(3) (emphasis added). The plain meaning of "file" can refer to several different actions. As a legal term, "file" can mean "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record" or it can mean "[t]o commence a lawsuit." *Black's Law Dictionary* 745 (10th ed. 2014). As relevant here, "file" refers to the action taken by the employee at the beginning of a workers' compensation case to notify the employer that an employee will pursue a claim. *See, e.g.*, Minn. Stat.

8

§ 176.271, subd. 1 (2012) ("[A]ll proceedings under this chapter are initiated by the filing of a written petition on a prescribed form with the commissioner at the commissioner's principal office."). This requirement is plainly met. Braatz "filed" his claims for temporary total disability benefits and medical benefits by asserting those claims in his original and amended petitions. Parsons has neither alleged nor shown that Braatz failed to file any outstanding disputed issues.

Second, the statute provides that "[a]n attorney is not entitled to attorney fees for representation in any issue which could reasonably have been addressed during the pendency of other issues for the same injury." Minn. Stat. § 176.081, subd. 1(a)(3). This requirement is also met. Parsons argues, however, that by failing to address all of the issues that were raised in the petitions, Braatz automatically forfeited the right to any fee award. We disagree. The plain language of section 176.081, subdivision 1(a)(3), requires only that the issues for which fees are sought could "*reasonably*" have been addressed during the pendency of other issues. Because Parsons did not object to the division of issues, we have no basis to consider whether all of the issues raised in the petitions could reasonably have been addressed at the October 2012 hearing. If, in the future, Braatz requests attorney fees for work on a separate issue, Parsons can, if the record supports it, argue that the issue could have been addressed "during the pendency" of the medical benefits issue that was litigated. *See Irwin*, 599 N.W.2d at 143-44 ("Should a dispute arise with respect to future medical expenses, [the attorney] may at that time seek reimbursement for services relating to that dispute.").

9

Moreover, the statute's plain language prevents an attorney from recovering fees earned by representing an employee on an issue that could have been raised—but was not—during the pendency of other issues. *See* Minn. Stat. § 176.081, subd. 1(a)(3). Here, Braatz's attorney testified at the attorney fee hearing that he excluded from his request the fees for work that was unrelated to the disputed medical benefits. In addition, the compensation judge reduced the attorney fee award by over two-thirds to reflect the fact that "some tasks itemized were unrelated to the prosecution of the medical issues before the Court." Braatz therefore was not awarded fees for representation on an issue that could have been, but was not, tried with the medical benefits claim; Braatz was awarded fees for his attorney's work on the issues that were tried at the October 2012 hearing.[9]

For all of these reasons, we hold that Braatz did not forfeit the right to seek attorney fees for the medical benefits claim that was litigated before the compensation judge.

---

[9] Parsons also argues that Braatz's fee requests arbitrarily shifted liability for attorney fees to the employer, which, Parson argues, violates the principle set out by the WCCA in *Dorr v. Nat'l Marrow Donor Program*, 2012 WL 273789, at *4 (Minn. WCCA Jan. 5, 2012), as well as the common-law "American Rule," which provides that as a general rule "all litigants, even the prevailing one, must bear their own attorney's fees." *Black's Law Dictionary* 102 (10th ed. 2014). These arguments lack merit. While we are bound by the language of the statute, we are not bound by WCCA decisions. *See, e.g.*, *Dykhoff v. Xcel Energy*, 840 N.W.2d 821, 830 (Minn. 2013) (rejecting a test the WCCA used). Further, we have said that "the American Rule is wholly irrelevant to any discussion of statutorily mandated attorney fees under the Workers' Compensation Act." *Irwin*, 599 N.W.2d at 142 n.3.

## II.

Parsons next argues that the compensation judge erred by failing to consider the size of Braatz's claim and the fee award under the lodestar analysis we discussed in *Green v. BMW of North America, LLC*, 826 N.W.2d 530 (Minn. 2013). Whether the compensation judge applied the appropriate legal analysis is an issue of law that we review de novo. *Nguyen v. Audio Commc'ns*, 814 N.W.2d 9, 11 (Minn. 2012). If the compensation judge performed the correct legal analysis, however, we review the attorney fee award for an abuse of discretion. *See Smith v. City of Sauk Centre*, 578 N.W.2d 755, 757 (Minn. 1998).

Parsons argues that the compensation judge did not apply the correct legal analysis because the judge's analysis did not comport with *Green*, 826 N.W.2d 530. In *Green*, we concluded that it was an abuse of discretion when the district court failed to consider the amount at issue in the litigation and awarded $221,499 in attorney fees for a $25,157 damage award under Minnesota's lemon law, Minn. Stat. § 325F.665 (2012). *Green*, 826 N.W.2d at 532-33. We said that under section 325F.665 and other fee-shifting statutes with similar purposes, all relevant circumstances should be considered when awarding attorney fees, including "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client." *Id.* at 536 (citation omitted) (internal quotation marks omitted).

11

Parsons correctly notes that *Green*'s guidance is not limited to the context of Minnesota's lemon law. Rather, it extends to other fee-shifting statutes with "similar purposes," including the Workers' Compensation Act. *See Green*, 826 N.W.2d at 536 (noting that the purpose of the Workers' Compensation Act is to encourage attorneys to represent injured workers). But there was no legal error here, because the compensation judge did consider the amount involved in the litigation. The compensation judge also properly followed the *Irwin* framework and found that while the amount involved was "important from the standpoint of care and treatment," the monetary value of the benefits was "relatively modest." Further, the compensation judge properly considered all seven *Irwin* factors and awarded substantially less than the amount of fees Braatz requested. By applying the *Irwin* framework appropriately, the compensation judge ensured that the attorney did not recover an unreasonable amount of fees for his representation of Braatz.

Parsons argues, however, that *Green* requires the compensation judge to consider private sector "billing judgment" and heed our admonition that "[h]ours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority." *Id.* at 538-39 (emphasis omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted). Parsons argues that no reasonable person "would pay an attorney $12,578.74 to recover $11,893.69." All attorneys, whether paid via fee shifting statutes or otherwise, should always use responsible and ethical billing judgment, but Parsons's reading of *Green* distorts our analysis.

12

Parsons's argument rests on an approach we specifically rejected in *Green*: a dollar-value proportionality rule. *See id*. at 538. We recognized in *Green* that a strict cap on fees or a requirement of proportionality "could hamper the ability of consumers to vindicate their rights relative to inexpensive products." *Id*. Similarly, if we reject the attorney fee award here simply because it exceeds the amount of the medical benefits the attorney obtained for his client, it could hamper injured workers' ability to find counsel.

Based on our analysis, we conclude that the compensation judge followed the appropriate legal framework in determining the attorney fee award here. Our careful review of the record also confirms that the compensation judge did not abuse his discretion in awarding $12,578.74 in attorney fees.

Affirmed.