STATE OF MINNESOTA

IN SUPREME COURT

A24-0507

Workers' Compensation Court of Appeals                                    Hudson, C.J.

James Jurgensen,

       Relator,

vs.                                                                                          Filed:  June 25, 2025
                                                                                           Office of Appellate Courts

Dave Perkins Contracting, Inc.,
and TBG Claims Services,

       Respondents.

_____

Joshua E. Borken, Law Office of Joshua Borken, Saint Paul, Minnesota, for relator.

Robin D. Simpson, Aafedt, Forde, Gray, Monson & Hager, P.A., Minneapolis, Minnesota, for respondents.

Keith Ellison, Attorney General, Peter J. Farrell, Deputy Solicitor General, Madeleine DeMeules, Jennifer A. Kitchak, Assistant Attorneys General, Saint Paul, Minnesota, for intervenor the Office of the Minnesota Attorney General.

_____

S Y L L A B U S

1.      The 2024 amendment to Minn. Stat. § 176.081, which increases the cap on attorney fees in workers' compensation cases, does not apply retroactively.

2.      The Workers' Compensation Court of Appeals (WCCA) did not err by declining to automatically approve the requested excess fee.

1

3.      Minnesota Statutes § 176.081, subd. 1(a) (2022), which provides a presumptive cap on attorney fees, does not violate the Contracts Clause of the Minnesota Constitution.

4.      The WCCA did not err by affirming the compensation judge's denial of excess attorney fees under *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132 (Minn. 1999).

Affirmed.

O P I N I O N

HUDSON, Chief Justice.

This case concerns whether attorney Joshua E. Borken, who represented relator James Jurgensen in his workers' compensation matter, is entitled to $4,000 in excess attorney fees. Minnesota Statutes § 176.081, subd. 1(a) (2022), presumptively caps attorney fees in workers' compensation cases at $26,000. However, we have held that the judiciary retains the authority to evaluate whether excess fees are appropriate by weighing seven factors we set out in *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132, 142 (Minn. 1999).

Here, the parties entered into a stipulation for settlement under which Borken would receive 20 percent of a $150,000 settlement (i.e., $30,000). After weighing the *Irwin* factors, the workers' compensation judge denied Borken's request for $4,000 in excess fees above the statutorily capped amount of $26,000. On appeal, the Workers' Compensation Court of Appeals (WCCA) affirmed. Borken then appealed to this court raising, among other issues, a challenge to the statute under the Contracts Clause of the Minnesota Constitution. Specifically, Borken argued that Minn. Stat. § 176.081, subd. 1(a) (2022), impairs the parties' right to contract as to attorney fees. The employer-respondents, Dave

Perkins Contracting, Inc. and TBG Claims Services, filed a brief taking no position in opposition. The Minnesota Attorney General then intervened solely to defend the constitutionality of the statutory cap on attorney fees. While briefing was underway on appeal to this court, the Minnesota Legislature amended section 176.081, increasing the presumptive cap from $26,000 to $55,000, effective for dates of injury on or after October 1, 2024.

The issues before the court are (1) whether the 2024 amendment to Minn. Stat. § 176.081, subd. 1(a), applies retroactively in this case, (2) whether the WCCA erred by not automatically approving the unobjected-to excess fee, (3) whether section 176.081, subd. 1(a) (2022), violates the Contracts Clause of the Minnesota Constitution, and (4) whether the WCCA erred by affirming the compensation judge's denial of excess fees under the *Irwin* factors. We conclude that (1) the 2024 amendment does not apply retroactively, (2) the WCCA did not err when it did not automatically approve the excess fee, (3) section 176.081, subd. 1(a) (2022), does not violate the Contracts Clause of the Minnesota Constitution, and (4) the WCCA did not err when it affirmed the compensation judge's denial of excess fees under *Irwin*. We therefore affirm the decision of the WCCA.

## FACTS

James Jurgensen sustained an admitted work injury on July 29, 2021, while working for Dave Perkins Contracting, Inc. He retained attorney Joshua E. Borken to represent him with respect to this injury. Jurgensen's contingent fee agreement with Borken stated that Borken would be entitled to 20 percent of the first $130,000 of compensation (i.e., $26,000) and 20 percent of any excess amount, pending the approval of a compensation judge.

Minnesota Statutes § 176.081, subd. 1(a) (2022), presumptively caps attorney fees in workers' compensation cases at 20 percent of the first $130,000 (i.e., $26,000). According to the language of the statute, this is the "maximum permissible fee," and any fee up to this amount does not require approval by the compensation judge or any other party. Minn. Stat. § 176.081, subd. 1(a) (2022).

Although section 176.081 sets out the "maximum permissible fee," we held in *Irwin* that section 176.081 is unconstitutional "to the extent it impinges on our inherent power to oversee attorneys and attorney fees and deprives us of a final, independent review of attorney fees." 599 N.W.2d at 142. Therefore, the judiciary retains the authority to "review the compensation judges' determination of reasonable attorney fees." *Id.* We outlined seven factors for compensation judges to review when determining the reasonableness of attorney fees: "[1] the amount involved, [2] the time and expense necessary to prepare for trial, [3] the responsibility assumed by counsel, [4] the experience of counsel, [5] the difficulties of the issues, [6] the nature of the proof involved, and [7] the results obtained." *Id.*

Here, the parties ultimately settled for $150,000 and filed an executed Stipulation for Settlement with the Office of Administrative Hearings. Borken sought $30,000 (i.e., 20 percent of the $150,000 settlement), $26,000 of which would be presumptively reasonable under section 176.081, and $4,000 of which would be an excess fee requiring the compensation judge's approval. The employee understood the terms of the agreement and agreed that Borken was entitled to the $4,000 in excess fees. The respondents agreed that the total fees sought were reasonable, and they did not object to the release of excess

4

fees to Borken. In the compensation judge's Partial Award on Stipulation, the judge approved $26,000 in attorney fees but ordered the insurer to hold the remaining $4,000 in escrow pending a hearing to determine whether the excess fees were due and owing.

After this hearing, the compensation judge denied Borken's request for excess fees. Applying the *Irwin* factors, the compensation judge determined that the statutory maximum of $26,000 adequately compensated Borken for the time he spent on the case and the risk he incurred by representing the employee on a contingent basis. The compensation judge did not address Borken's Contracts Clause challenge due to a lack of jurisdiction.[1]

Borken appealed, and the WCCA affirmed. The WCCA determined that there was no abuse of discretion when the compensation judge denied Borken's claim for excess fees. The WCCA also concluded that automatic approval of an excess fee—even an unobjected-to excess fee—is inconsistent with section 176.081, which provides the $26,000 presumptive cap. To support this conclusion, the WCCA cited *Mack v. City of Minneapolis*, 333 N.W.2d 744, 749 (Minn. 1983), where we stated that "[t]o hold that section 176.081 does not apply where the parties stipulate a settlement would greatly reduce the effect of the section." Ultimately, the WCCA concluded that "a subsequent separate review of the claim for excess fees in this case was required, and that the compensation judge properly denied the portion of the stipulation that provided for excess

---

[1]    It was proper for the compensation judge not to address this constitutional issue for want of jurisdiction. The jurisdiction of compensation judges and the WCCA is limited to questions of law and fact arising under the workers' compensation laws of Minnesota. *Hale v. Viking Trucking Co.*, 654 N.W.2d 119, 123 (Minn. 2002); Minn. Stat. § 175A.01, subd. 5 (2024).

fees." Like the compensation judge, the WCCA did not address the constitutional issue due to a lack of jurisdiction.[2]

Borken petitioned this court for a writ of certiorari. The Minnesota Attorney General moved to intervene solely to defend the constitutionality of section 176.081, and we granted the motion to intervene.

**ANALYSIS**

There are four issues before us. Three of these issues were raised by Borken in his opening brief to this court: (1) whether the WCCA erred when it did not automatically approve an unobjected-to attorney fee under Minn. R. 1415.3200, subp. 8 (2023); (2) whether section 176.081's presumptive cap on attorney fees violates the Contracts Clause of the Minnesota Constitution; and (3) whether the WCCA erred when it concluded that the *Irwin* factors did not support an award of excess fees in this case. But before addressing these issues, we first discuss whether the 2024 amendment to section 176.081—which was passed while briefing was underway before this court—applies retroactively.

I.

We first consider whether the 2024 amendment to section 176.081's presumptive cap applies retroactively. We turn to Minn. Stat. § 645.31, subd. 1 (2024), and Minn. Stat. § 645.21 (2024), to guide our retroactivity analysis. Minnesota Statutes § 645.31, subd. 1,

---

[2] "The Workers' Compensation Court of Appeals shall have no jurisdiction in any case that does not arise under the workers' compensation laws of the state . . . ." Minn. Stat. § 175A.01, subd. 5.

6

provides that "new provisions [to an amended law] shall be construed as effective only from the date when the amendment became effective." Furthermore, Minn. Stat. § 645.21 provides a presumption against retroactive effect: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." We apply these principles when we address retroactivity, including in the workers' compensation context. *See, e.g.*, *Leahy v. St. Mary's Hosp.*, 339 N.W.2d 265, 267 (Minn. 1983) ("Our case law holds . . . that the workers' compensation law in effect on the date of injury governs, absent a clear manifestation of a contrary legislative intent."); *Kahn v. State, Univ. of Minn.*, 327 N.W.2d 21, 27 (Minn. 1982) ("Minn. Stat. § 645.31 (1980) provides that new provisions in a statute shall be construed as effective only from the date when the amendment became effective.").

Here, the 2024 amendment to section 176.081, which increases the presumptive cap on attorney fees to 20 percent of the first $275,000 (i.e., $55,000), is "effective for dates of injury on or after October 1, 2024." Act of May 8, 2024, ch. 97, § 4, 2024 Minn. Law 818, 819–21 (codified at Minn. Stat. § 176.081, subd. 1 (2024)) [hereinafter Act of May 8, 2024]. In other words, the Act of May 8, 2024, specifically directs, in plain language, that the new presumptive cap is effective only for injuries on or after a specific date: October 1, 2024. The injury at issue in this case occurred on July 29, 2021. Because the injury predated the 2024 amendment, the higher presumptive cap of the 2024 amendment does not apply.

Additionally, no evidence clearly indicates that the Legislature intended for the 2024 amendment to apply retroactively. "In the absence of a clear legislative

7

mandate . . . the law applicable is that which was in effect on the date of injury." *Kahn*, 327 N.W.2d at 27. Section 645.21 requires clear evidence of retroactive intent in the statute's language—such as use of the term "retroactive"—before we determine that the Legislature intended for the statute to apply retroactively. *In re Individual 35W Bridge Litig.*, 806 N.W.2d 811, 819 (Minn. 2011). There is no such evidence here; the text of the statute includes absolutely no language expressing the Legislature's intent that the amendment should apply retroactively. *But cf. Marose v. Maislin Transp.*, 413 N.W.2d 507, 511–12 (Minn. 1987) (concluding that the statutory amendment at issue "clearly manifested a legislative intent that it should have retrospective application" when the statute contained the following language: "[These changes] are effective for all cases pending on July 1, 1983, regardless of the date of injury, date of hearing, or date of appeal and all decisions of workers' compensation judges and the workers' compensation court of appeals issued on or after July 1, 1983, shall apply [them]." (citation omitted) (internal quotation marks omitted)).

The argument against retroactive effect is even stronger in this case because the statutory language is expressly prospective—it applies to injures occurring "on or after October 1, 2024," nearly five months after the Governor signed the bill into law in May 2024. *See* Act of May 8, 2024 at 819–21, 844. If the Legislature had wanted the statute to be retroactive, it would not have picked a date in the future. The statutory language here—"[t]his section is effective for dates of injury on or after October 1, 2024"—is unlike the language in *Marose*, which referred to "all cases pending on July 1, 1983, regardless of the date of injury." 413 N.W.2d at 511–12. There is no language in the amendment to

8

§ 176.081, subd. 1, to suggest that it applies to "all cases pending . . . regardless of the date of injury." Because the 2024 amendment lacks any clear expression of legislative intent to the contrary—and instead provides an expressly prospective date—the 2024 amendment to section 176.081 does not apply retroactively.

## II.

Next, we consider whether the WCCA erred when it did not automatically approve an unobjected-to attorney fee under Minn. R. 1415.3200, subp. 8. Minnesota Rule 1415.3200, subp. 8, provides:

> The office shall assign an attorney fee statement to a judge when action by a judge is needed. . . . Where no objection to the requested fee has been filed, the judge or court before whom the matter is pending shall issue a summary decision under Minnesota Statutes, section 176.305,[3] regarding the amount of attorney fees owing under this part and Minnesota Statutes, section 176.081 or 176.191.

Borken argues that Minn. R. 1415.3200 reserves the judicial power to regulate the amount of attorney fees only when a dispute arises. Borken emphasizes that no party involved in this case has objected to the excess attorney fee. The compensation judge similarly found that neither the employee nor the employer nor the insurer objected to the release of excess fees to Borken. Because there is no fee dispute between the parties, Borken contends that Minn. R. 1415.3200 establishes a summary proceeding that precludes separate review of a claim for excess fees. He claims that section 176.081 and *Irwin*

---

[3] Minnesota Statutes § 176.305, subd. 1a (2024), provides in part: "If appropriate, a written summary decision shall be issued within ten days after the [settlement] conference stating the issues and a determination of each issue. . . . The summary decision is final unless a written request for a formal hearing is served on all parties and filed with the commissioner within 30 days after the date of service and filing of the summary decision."

address *disputed* claims for attorney fees while Minn. R. 1415.3200 addresses *undisputed* claims. He further argues that when no party objects to the claimed attorney fees, the compensation judge is mandated to issue a final summary decision without a hearing, and that the compensation judge may not modify the award of attorney fees in a stipulation for settlement. The respondent did not challenge Borken's argument regarding Minn. R. 1415.3200, subp. 8.

We disagree with Borken's claim that undisputed fees are entitled to automatic approval under Minn. R. 1415.3200, subp. 8. "Like statutes, administrative regulations are governed by general rules of construction." *In re Reissuance of an NPDES/SDS Permit to U.S. Steel Corp.*, 954 N.W.2d 572, 576 (Minn. 2021) (citation omitted) (internal quotation marks omitted). "When determining the meaning of administrative rules, we interpret words and sentences in the light of their context and construe rules as a whole." *Id.* (citation omitted) (internal quotation marks omitted). A plain reading of the text of Minn. R. 1415.3200, subp. 8, does not support Borken's assertions. Even when there is no objection to the requested fee, the Rule states that the compensation judge "shall issue a summary decision under Minnesota Statutes, section 176.305, regarding the amount of attorney fees owing under this part and Minnesota Statutes, section 176.081 or 176.191." The text of the Rule thus provides that section 176.081, which includes the presumptive cap, governs the compensation judge's summary decision. Furthermore, we have held that "the [workers' compensation] court of appeals has discretion in determining the reasonableness of attorney fees notwithstanding a stipulation for settlement which undertakes to fix attorney fees." *Mack*, 333 N.W.2d at 748. In sum, neither the text of Minn. R. 1415.3200,

subp. 8, nor the case law supports Borken's argument that his undisputed excess fee request is entitled to automatic approval.

III.

We now consider whether section 176.081's presumptive cap on attorney fees violates the Contracts Clause of the Minnesota Constitution. Neither the compensation judge nor the WCCA reached this constitutional issue due to a lack of jurisdiction.[4] "The constitutional interpretation of a statute presents a question of law, which we review de novo." *David v. Bartel Enters. (Nitro Green)*, 856 N.W.2d 271, 273 (Minn. 2014). "We presume statutes to be constitutional and exercise our power to declare a statute unconstitutional with extreme caution and only when absolutely necessary." *Gluba ex rel. Gluba v. Bitzan & Ohren Masonry*, 735 N.W.2d 713, 719 (Minn. 2007). "The party that asserts a constitutional challenge to the exercise of legislative authority bears a heavy burden to prevail on that claim." *Clark v. City of Saint Paul*, 934 N.W.2d 334, 345 (Minn. 2019).

The Contracts Clause of the Minnesota Constitution provides that "[n]o . . . law impairing the obligation of contracts shall be passed." Minn. Const. art. I, § 11. We use a three-part test to analyze a contract-impairment claim:

> First, we consider whether the challenged legislation operates as a substantial impairment of a contractual obligation. Second, if a substantial impairment is found, we consider whether there is a significant and legitimate public purpose behind the legislation. Finally, we review the legislation in light of the identified public purpose to see whether the adjustment of the rights and

---

[4] Again, the jurisdiction of compensation judges and the WCCA is limited to questions of law and fact arising under the workers' compensation laws of Minnesota. *Hale*, 654 N.W.2d at 123; Minn. Stat. § 175A.01, subd. 5.

responsibilities of the contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption.

*Jennissen v. City of Bloomington*, 938 N.W.2d 808, 816 (Minn. 2020) (citations omitted) (internal quotation marks omitted). Critically, "[t]he contracts clause[] prevent[s] retroactive impairment of contracts. When the statute was in force and effect at the time the contract was made, there is no impairment, because existing statutes are read into future contracts and enter into the contract terms by implication." *Gretsch v. Vantium Cap., Inc.*, 846 N.W.2d 424, 435 (Minn. 2014). In other words, "contracts are made in submission to existing legislation." *W. States Utils. Co. v. City of Waseca*, 65 N.W.2d 255, 263 (Minn. 1954) (citation omitted) (internal quotation marks omitted).

Here, the relevant provisions of Minn. Stat. § 176.081 have been in effect since 2013. The statute was already in effect when Borken and Jurgensen entered into the retainer agreement on September 20, 2021; Borken even included the text of the 2014 statute in his retainer agreement with Jurgensen. The statute's presumptive cap therefore "enter[ed] into the contract terms by implication." *Gretsch*, 846 N.W.2d at 435. Because section 176.081 predated Borken's retainer agreement with Jurgensen, there is no retroactive contractual impairment and therefore no Contracts Clause violation.

IV.

Finally, we review whether the WCCA erred when it concluded that the *Irwin* factors did not support an award of excess fees in this case. "Whether the compensation judge applied the appropriate legal analysis is an issue of law that we review de novo." *Braatz v. Parsons Elec. Co.*, 850 N.W.2d 706, 711 (Minn. 2014). "If the compensation

12

judge performed the correct legal analysis, however, we review the attorney fee award for an abuse of discretion." *Id.* Furthermore, when, as here, the WCCA affirms the findings of the compensation judge, we view the facts in the light most favorable to the affirmed findings of the WCCA. *Lagasse v. Horton*, 982 N.W.2d 189, 202 (Minn. 2022). "[W]e cannot disturb those findings unless they are manifestly contrary to the evidence, or the evidence clearly requires reasonable minds to adopt a contrary conclusion." *Id.*

Although section 176.081 sets out the "maximum permissible fee," we held in *Irwin* that section 176.081 is unconstitutional "to the extent it impinges on our inherent power to oversee attorneys and attorney fees and deprives us of a final, independent review of attorney fees." 599 N.W.2d at 142. Therefore, the judiciary retains the authority to "review the compensation judges' determination of reasonable attorney fees." *Id.* "In its review, the WCCA should not only consider the statutory guidelines, but also [1] the amount involved, [2] the time and expense necessary to prepare for trial, [3] the responsibility assumed by counsel, [4] the experience of counsel, [5] the difficulties of the issues, [6] the nature of the proof involved, and [7] the results obtained." *Id.*

Borken argues that section 176.081 provides that a 20 percent contingency fee is presumptively reasonable and that "there is no reason to conduct a judicial review when the fee award is calculated consistently with the statutory formula and does not exceed the statutory limit." However, Borken reads the statutory text selectively. To be clear: it is only 20 percent *of the first $130,000* that is presumptively reasonable. Although the fee award that Borken sought here was 20 percent of the overall settlement amount of

13

$150,000, it was still more than 20 percent of the first $130,000 under the version of section 176.081 in effect at that time.

In the alternative, Borken argues that if the *Irwin* factors apply in this case, the compensation judge erred in finding that these factors did not support release of the $4,000 in excess fees. The compensation judge considered the seven *Irwin* factors, ultimately determining that fees in excess of the statutory maximum were not appropriate. The WCCA affirmed the compensation judge's findings and determined that there was no abuse of discretion in concluding that the maximum statutory fee of $26,000 provided adequate compensation and in denying the $4,000 excess fee claim.

Borken argues that the compensation judge did not "place correct emphasis on the factors that matter the most when a matter is undisputed." First, Borken claims that the compensation judge erred in declining to consider the specific amount of the settlement (i.e., $150,000) and future medical disputes in the judge's analysis of the amount involved. In analyzing the amount involved, the compensation judge noted that the issues involved entitlement to wage loss benefits, permanent partial disability benefits, and rehabilitation services, though the compensation judge did not state the specific dollar amount involved. Second, Borken also claims that it was inappropriate for the compensation judge to combine two of the factors—the difficulties of the issues and the nature of the proof—into a single inquiry. Specifically, the compensation judge found that the "[t]he issues involved average complexity and limited proof as Attorney Borken did not have to review much documentary evidence, file any pleadings, participate in any depositions, or retain any experts. The case settled before the filing of a pleading and prior to any evidentiary

14

hearing." Third, Borken contends that the compensation judge placed either too much or too little weight on most of the other *Irwin* factors, including the time and expense necessary to prepare for trial, expertise of counsel, and nature of the proof involved. Neither the respondents nor the Attorney General addressed the compensation judge's application of the *Irwin* factors.

We said in *Braatz* that "all relevant circumstances should be considered when awarding attorney fees" and that the compensation judge in that case "properly considered all seven *Irwin* factors . . . ensur[ing] that the attorney did not recover an unreasonable amount of fees for his representation." 850 N.W.2d at 711–12. We have never held that each of the seven *Irwin* factors must be separately considered. Still, in *Braatz* we cited our decision in *Green v. BMW of North America, LLC*, 826 N.W.2d 530 (Minn. 2013), in which we "concluded that it was an abuse of discretion when the district court failed to consider the amount at issue in the litigation and awarded $221,499 in attorney fees for a $25,157 damage award under Minnesota's lemon law." *Braatz*, 850 N.W.2d at 711. In *Green*, the district court "concluded that it was improper to consider the amount at issue in the litigation" and "declined to consider the amount involved in the litigation." 826 N.W.2d at 534.

Here, the compensation judge considered all seven *Irwin* factors, though the judge combined two of the factors into one. And unlike the district court in *Green*, the compensation judge noted and considered the categories of benefits and services involved, although the judge did not identify the specific dollar amounts. Our precedents do not directly address whether it is an abuse of discretion to combine two of the *Irwin* factors

15

into one inquiry or to fail to specify the dollar amount involved. However, because the compensation judge nonetheless considered all seven factors (despite merging two of them into one inquiry) and did in fact address the "amount involved" factor (even if the compensation judge did not articulate the specific dollar amount), we conclude that there was no abuse of discretion. Moving forward, however, the better practice is for compensation judges to specify the dollar amount at issue and to consider each of the seven factors individually.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Workers' Compensation Court of Appeals.

Affirmed.